## CIRCUIT COURT FOR ANNE ARUNDEL COUNTY

Kim Gray  
Karold Gray  
1415 Damsel Lane  
Annapolis, Maryland 21403  
    *Plaintiff*

v.

Household Finance Corporation  
2331 C Forest Drive  
Festival At Riva  
Annapolis, Maryland 21403  
    *Defendant*

Case No.

C06 115836

## COMPLAINT
Breach of Fiduciary Duty

Kim Gray and Karold Gray (hereinafter "Gray"), Plaintiffs, by their attorneys, Thomas McCarthy, Sr. Esq., and Associates, P.C., sues Household Finance Corporation (hereinafter "Household"), Defendant, and states:

1. Plaintiff Gray is a resident of Annapolis, Maryland,

2. Defendant Household is a Delaware corporation headquartered in Prospect Heights, Illinois,

3. In the ordinary course of business, direct or indirect subsidiaries of Household Finance Corporation, have negotiated and entered into the real estate secured loans, including Personal Homeowner Loans.

4. That on or about the twenty-sixth day of July 2001, Plaintiffs Gray and Defendant Household entered into a First Mortgage Non-Purchase Money Financing Agreement.

5. The Plaintiffs were notified by letter dated August 3rd 2003, that they were eligible to participate in the Household-Beneficial Settlement resulting from the filing of a Class Action Complaint For Injunction, Restitution And Other Equitable Relief filed against Household International, Inc.

6. The Plaintiffs, in order to participate in the Household-Beneficial Settlement, had until October 14th 2003, to notify the Settlement Administrator of their intent to do so.

EXHIBIT A

7. The Plaintiffs elected not to participate in the Household-Beneficial Settlement.

Count I

8. Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1 through Paragraph 4 of this Complaint.

9. Defendant used misleading, unfair or deceptive promotions, marketing and sales techniques to induce Plaintiffs, moderate-income homeowners to refinance their mortgage and consolidate their debts using Household's real-estate secured loan products.

10. In the course of its dealings with the Plaintiffs and in furtherance of its own direct pecuniary and business gains, Defendant committed deceptive or unfair acts, or made material misrepresentations or omissions in violation of the Maryland Consumer Lending Statutes.

Count II

11. Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1 through Paragraph 7 of this Complaint.

9. Loan points and originating fees of 7.25%: Plaintiffs allege that Defendant failed to provide timely and adequate information to borrowers concerning the amount and purpose of the putative "discount" or "buy-down" points and fees imposed on their loans, including, but not limited to, failing to provide meaningful early disclosures as required by law, 24 C.F.R. 3500.7.

Count III

10. Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1 through Paragraphs 9 of this Complaint.

11. Misrepresentation of interest rates: Plaintiffs allege that Defendant misrepresented the interest rates be charged on loans through such means as using a "low-ball" rate purporting to be an "effective" rate or an equally deceptive term. Such misrepresentations and omissions occurred in the context of Defendant's attempting to disguise a high-rate mortgage as a low rate mortgage through use of, for payment of an additional fee, a bi-weekly payment plan. Defendant failed to inform Plaintiffs that accelerated principal reduction occurred through making extra payments, instead misleading Plaintiffs into thinking the savings were attributable to lower interest charges than the loans provided for. Additionally, Defendant made misleading comparisons between rates on existing debts, which Plaintiffs were considering refinancing or consolidating, and the rate(s) to be charged on Defendant's proposed loan.

EXHIBIT A

Count IV

12. Plaintiffs reallege and incorporate by reference the allegations of Paragraph 1 through Paragraph 11 of this Complaint.

13. Monthly payment amounts: Plaintiffs allege that Defendant failed to inform Plaintiffs that higher payments, rather than lower rates, were the feature of the bi-weekly payment program which would result in overall savings in finance charges. Further, in making sales presentations with respect to refinancing and debt consolidation applications, Defendant made misleading comparisons of monthly payment obligations between existing debts and the proposed new loan or loans to by made by Defendant.

Count V

14. Plaintiffs reallege and incorporate by reference the allegations of Paragraph 1 through Paragraph 13 of this Complaint.

15. Single premium credit and other insurance products: Plaintiffs allege that Defendant engaged in a pattern of "insurance packing," including, but not limited to, misleading Plaintiffs as to the voluntary nature of the insurance, the price of the insurance, and the benefits and/or term of the insurance.

Count VI

16. Plaintiffs reallege and incorporate by reference the allegations of Paragraph 1 through Paragraph 15 of this Complaint.

17. Prepayment penalties: Plaintiffs allege that Defendant engaged in a practice of misleading the Plaintiffs about the presence of prepayment penalties on their loans, and imposed prepayment penalties in violation of Maryland statutes.

Count VII

18. Plaintiffs reallege and incorporate by reference the allegations of Paragraph 1 through Paragraph 17 of this Complaint.

19. Practices with regard to home equity lines of credit: Plaintiffs allege that Defendant extended what was in substance closed-end credit disguised as open-end credit with the intent to avoid making meaningful disclosures concerning the payment terms, such as the existence of large balloon payments. Plaintiffs further allege that Defendant extended what was in substance closed-end credit with an APR in excess of 10% over the U.S. Treasury rate for comparable maturities, which Defendant disguised as open-end credit to evade the requirements of the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639.

EXHIBIT A

Count VIII

20. Plaintiffs reallege and incorporate by reference the allegations of Paragraph 1 through Paragraph 19 of this Complaint.

21. Loan billing practices relating to simple interest calculations: Plaintiffs allege that Defendant's practices by which payments were credited to accounts on the basis of the number of days between payments frequently resulted in situations in which scheduled payments were insufficient to pay accrued interest, creating a shortfall in interest, "interest short," which resulted in excess finance charge costs for the Plaintiffs. Such shortfalls could occur even when payments were not late. Defendant further made representations concerning the opportunity to "skip a payment" without informing consumers that doing so would result in "interest short" situations. Defendant failed to provide borrowers with material information necessary to avoid such extra charges.

Count XIX

22. Plaintiffs reallege and incorporate by reference the allegations of Paragraph 1 through Paragraph 21 of this Complaint.

23. Payoff information: Plaintiffs allege that Defendant failed to provide timely information, which impeded Plaintiffs' efforts to seek refinancing elsewhere.

Count X

24. Plaintiffs reallege and incorporate by reference the allegations of Paragraph 1 through Paragraph 23 of this Complaint.

25. Net tangible benefit in loan refinancing: Plaintiffs allege that Defendant engaged in the practice of refinancing its own or other loans, thereby imposing additional fees and costs, where the new loan provided no net tangible benefit to the consumer.

WHEREFORE, Plaintiff prays for judgment as follows:

A. That Defendant makes restitution to Plaintiff.

B. That Plaintiffs' be awarded their attorney's fees and costs, or other appropriate recompense.

C. That the Plaintiff be awarded exemplary damages of not less than $100,000.00

D. That the Plaintiffs be awarded such other and further relief as the Court deems just and proper and equitable under the circumstances.

EXHIBIT A