```
            IN THE UNITED STATES DISTRICT COURT FOR
            THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                  *
Kim Gray and Karold Gray,
                                  *
      Plaintiffs,
                                  *     CIVIL NO.: WDQ-06-2181
v.
                                  *
Household Finance Corp.,
                                  *
      Defendant.
                                  *

*     *     *     *     *     *     *     *     *     *     *     *     *
```

MEMORANDUM OPINION

Kim and Karold Gray have sued Household Finance Corporation for predatory lending practices arising out of a financing agreement.

Pending is the Grays' motion to remand the proceeding to the Circuit Court of Anne Arundel County. For the reasons discussed below, the Plaintiffs' motion will be denied.

I.   Background

On August 2, 2006, the Grays filed suit in the Circuit Court of Anne Arundel County. Mem. Supp. Mot. at 1. The Grays sought restitution, attorney's fees and costs, and exemplary damages of not less than $ 100,000. *Id*. On August 23, 2006, the Defendant filed a notice of removal to Federal Court. *Id*. at 2. In the Notice of Removal, the Defendant noted that the U.S. District Court had subject matter jurisdiction under 28 U.S.C. § 1331,

(Paper No. 1 ¶ 2), and diversity jurisdiction under 28 U.S.C. § 1332, (Paper No. 1 ¶ 3).  It further noted that the damages sought by the plaintiffs was at least $100,000.  Paper No. 1 ¶ 2.  On September 7, 2006 the Grays filed their motion to remand.

II. Analysis

The Plaintiffs argue that the Court lacks removal jurisdiction because the amount in controversy is less than the jurisdictional minimum of $75,000.  The Defendant argues that the claimed damages satisfied the jurisdictional amount.[1]

The statute creating diversity jurisdiction, 28 U.S.C. § 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332.

When considering whether to dismiss for lack of jurisdiction, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).  To be dismissed, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount [here $75,000] to justify

---

[1] Although the Notice of Removal cites 28 U.S.C. § 1331, (subject matter jurisdiction) as a basis for this Court's jurisdiction and the Complaint alleges violation of the federal Home Ownership and Equity Protection Act, 15 U.S.C. § 1639, the Defendant has focused his opposition on diversity jurisdiction and, specifically, the amount in controversy.

dismissal." *Id*. 289   That is, if, on the face of the pleadings, it is clear, to a legal certainty, that the plaintiff cannot recover the amount claimed then the suit should be dismissed. *Id.*

The Defendant asserts, and the Plaintiffs do not controvert, that the Plaintiffs are suing under, *inter alia*, Md. Code Ann., Comm. Law § 12-901 *et seq.*, which allows the Plaintiffs to recover "[three] times the amount of interest, fees, and charges collected in excess of that authorized by this subtitle" for a violation of the Maryland Consumer Lending Statute.  § 12-918. As a result, the Plaintiffs may be entitled to tripling of some percentage of the sum of $13,076.89 (points charged), $290.00 (appraisal), $647.50 (title search), $375.00 (recording fees), and $37,614.49 (interest collected).  If half of the interest, fees, and charges were collected in violation of the statute, the jurisdictional requirement would be met.  Most importantly, however, the Plaintiffs do not specify these amounts, instead the Defendant offers these values.

The Plaintiffs have, however, specifically asked for exemplary damages of not less than $100,000.00.  Compl. ¶ 25.  In the absence of evidence of bad faith in asserting these damages, they may be included in the computation of the amount in controversy.  *See Schaefer v. Aetna Life & Cas. Co.*, 910 F.Supp. 1095, 1097 (D. Md. 1996).  The exemplary damages alone exceed the

$75,000 jurisdictional requirement regardless of the amount recoverable under the Maryland Consumer Lending Statute.

The Plaintiffs have merely asserted that the jurisdictional requirement will not be met beyond a legal certainty.  Moreover, the Plaintiffs have not asserted that they acted in bad faith in stating their damages claim.

The Plaintiffs instead rely on *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) to argue that the removing defendant bears the burden of establishing that the amount in controversy exceeds the jurisdictional amount by a preponderance of the evidence.  The *Sanchez* Court, however, held that the preponderance of the evidence standard only applied when the "plaintiff's state court complaint does not specify a particular amount of damages."  *Id.; accord Momin v. Maggiemoo's Intern., L.L.C.*, 205 F.Supp.2d 506 (D. Md. 2002).

Alternatively, "[t]he removing defendant need not prove specific facts if it is plain from the face of the complaint that the claim exceeds the jurisdictional minimum."  *Williams v. Potomac Elec. Power Co.*, 115 F.Supp.2d 561, 565-66 (D. Md 2000). The reasoning of *St. Paul*, rather than *Sanchez*, is applied in these 'face of the complaint' cases.  As the Plaintiff's complaint includes a demand of not less than $100,000 for exemplary damages, the Plaintiff's motion for remand must be denied.

4

III. Conclusion

     For the reasons discussed above, the Plaintiffs' motion will be denied.


<u>December 21, 2006</u>                       <u>     /s/               </u>
Date                                         William D. Quarles, Jr.
                                           United States District Judge